IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| EMILY SCHULENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: |
| | ) | |
| MSI DIVERSIFIED, INC. f/k/a MOXIE SOLAR; MOXIE SOLAR ILLINOIS; JASON HALL; & TRAVIS EICHELBERGER | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Emily Schulenberg, by and through her attorneys, O'Brien & Marquard, P.L.C., and pursuant to the Illinois Human Rights Act, Illinois Wage Payment Collection Act, Iowa Wage Payment Collection Act, and common law brings these pregnancy discrimination, sex discrimination, unpaid wages, and breach of contract claims against Defendants, MSI Diversified, Inc. f/k/a Moxie Solar, Moxie Solar Illinois, Jason Hall, and Travis Eichelberger and alleges as follows:

**NATURE OF THE CASE**

1. Ms. Schulenberg brings this action for violations of the Fair Labor Standards Act, sex discrimination, pregnancy discrimination, unpaid commissions, and breach of contract under Illinois, Iowa, and Federal law.

2. Federal question jurisdiction exists over Count II of this action under 28 U.S.C. § 1331 as Ms. Schulenberg asserts a claim under the Fair Labor Standards Act.

3. This Court has supplemental jurisdiction of the remaining counts because those are part of the same case or controversy between the parties.

4. Venue is proper in the Rock Island Division of the Central District of Illinois under 28 U.S.C. § 1391 because Ms. Schulenberg performed work for Defendants in the Central District of Illinois.

## THE PARTIES

5. Ms. Schulenberg worked for Moxie and Moxie Illinois from March 13, 2017 until November 29, 2021.

6. Ms. Schulenberg worked out of her home in LeClaire, Iowa, but sold solar products in both Iowa and Illinois.

7. Ms. Schulenberg estimates 60-70% of the solar projects she sold were in Illinois.

8. MSI Diversified, Inc. is an Iowa Corporation with its principal place of business in North Liberty, Johnson County, Iowa.

9. On May 5, 2022, Moxie Solar, Inc. amended its name from Moxie Solar, Inc to MSI Diversified.

10. Moxie Solar n/k/a MSI diversified is licensed to do business in the State of Illinois, but as of June 30, 2022 had not updated its corporate name with the State of Illinois.

11. Moxie Solar Illinois, LLC is an Illinois corporation with its principal place of business in North Liberty, Johnson County, Iowa.

12. Moxie Solar Illinois was involuntarily dissolved by the Illinois Secretary of State on June 10, 2022.

13. Moxie and Moxie Solar Illinois are both owned and operated by Jason and Jennifer Hall.

14. Travis Eichlelberger was the President of Moxie during 2021.

15. Mr. Hall and Mr. Eichelberg both exercised control over company finances, including how and when the company paid sales peoples' commissions.

16. Moxie and Moxie Solar Illinois share a home office in West Liberty, Iowa.

17. Moxie has installed at least 1,500 solar projects throughout Illinois and advertises itself as Illinois's #1 solar installer.

18. Moxie maintains three offices in Illinois.

19. MSI Diversified f/k/a Moxie Solar and Moxie Solar Illinois act as one corporation despite separate corporate identities.

20. Moxie and Moxie Solar Illinois are employers as defined in the Fair Labor Standards Act, Illinois Human Rights Act, the Illinois Wage Payment Collection Act, and the Iowa Wage Payment Collection Act.

## COMMON ALLEGATIONS OF FACT

21. From March 13, 2017 until May 2018, Ms. Schulenberg worked as a Solar Coordinator.

22. In May 2018, Moxie promoted Ms. Schulenberg to Market President of Peoria.

23. Moxie did not have a presence in the Peoria market before Ms. Schulenberg's promotion.

24. Until November 4, 2021, Ms. Schulenberg earned a base 6% commission on the profits of her solar project sales if she sold the project at the company-mandated profit margin.

25. Prior to November 4, 2021, Ms. Schulenberg earned a higher commission percentage when she sold projects at a higher profit margin than required.

26. In early 2018, Ms. Schulenberg finalized a large solar project to a farm in Illinois ("Hopkins Project").

27. Instead of paying Ms. Schulenberg her 6% commission on the Hopkins Project, Moxie unilaterally agreed to give half of her commission to the outside referral source.

28. Moxie underpaid Ms. Schulenberg on the Hopkins Project.

29. Ms. Schulenberg was not a party to Moxie's agreement with the referral source and never agreed to split her commission on that project.

30. To date, Ms. Schulenberg has not been paid for the entire commission Moxie owes her on the Hopkins Project.

31. On August 3, 2018, Mr. Hall called me and yelled at me to get back to Peoria. I could not immediately return to Peoria because I was in Indiana for my wedding which was the next day.

32. Also in 2018, Mr. Hall told me that "this is why I don't hire girls your age."

33. In approximately September 2020, while Ms. Schulenberg was pregnant, Ms. Schulenberg applied for a promotion to Senior Sales Manager.

34. Mr. Eichelberger told Ms. Schulenberg she wasn't selected because Defendants were worried she "wouldn't have the time."

35. Moxie promoted non-pregnant male employees instead of Ms. Schulenberg.

36. One of the non-pregnant men who was promoted only had a few months experience with the company.

37. In early January 2021, Ms. Schulenberg gave birth and started to nurse her child.

38. In January 2021, Moxie promoted Ms. Schulenberg to Senior Sales Manager.

39. By May 2021, Moxie had demoted Ms. Schulenberg back to a Solar Coordinator.

40. When Moxie demoted Ms. Schulenberg from Senior Sales Manager to Solar Coordinator, she lost the ability to earn commission on the sales from the Solar Coordinators she oversaw.

41. Defendants demoted Ms. Schulenberg after one of Ms. Schulenberg's reports complained because Ms. Schulenberg didn't answer her phone each time he called.

42. Moxie told Ms. Schulenberg it demoted her because she didn't have time to supervise other Solar Coordinators with her situation.

43. The only time Ms. Schulenberg was unavailable to answer a phone call was when she was breastfeeding or pumping.

44. After November 4, 2021, Ms. Schulenberg earned a base commission of 5%.

45. The Commission Agreement changes effective November 4, 2021, stated:

> Should your employment terminate in the future, you will be paid out commission on any customer payment received prior to you last day worked. Future commissions will be held from the time of your employment ending until your jobs in progress are commission and financial reporting is completed. Future commission will be paid in a lump sum at that time unless otherwise required by your state.

46. At the time of her termination, Ms. Schulenberg had approximately 20 solar jobs in progress.

47. Moxie told Ms. Schulenberg she would be paid her commissions on those jobs-in-progress 70 days after all projects are completed.

48. Meanwhile, Moxie paid a former male employee bi-weekly as his outstanding project were completed.

49. To date, Ms. Schulenberg has not been paid on any jobs that were in progress at the time of her termination.

50. Defendants have refused to provide any records on the status of these projects.

51. Moxie keeps all sales in a single Salesforce account.

52. On January 18, 2022, Ms. Schulenberg filed pregnancy and sex discrimination complaints against Moxie Solar and Moxie Solar Illinois with the Illinois Department of Human Rights.

53. The IDHR gave Ms. Schulenberg a claim number, 2022CF0689, for her claim against Moxie Solar Illinois and cross-filed Ms. Schulenberg's complaint against Moxie Solar Illinois with the EEOC.

54. Ms. Schulenberg opted out of the IDHR investigation process for charge number 2022CF0689 and received her right-to-sue on April 7, 2022.

55. To date, Ms. Schulenberg had not received a claim number for her case against Moxie Solar.

56. Ms. Schulenberg exhausted the administrative requirements for her Illinois-based sex and pregnancy discrimination complaints against Moxie Solar Illinois.

57. Ms. Schulenberg has not yet received a right-to-sue letter from the EEOC.

**COUNT I: VIOLATION OF THE ILLINOIS WAGE PAYMENT COLLECTION ACT**

58. Ms. Schulenberg restates the common allegations as if fully set forth herein.

59. Ms. Schulenberg had an agreement with Moxie Solar and Moxie Solar Illinois about the amount of commission she would earn and how those commissions would be paid upon her termination.

60. Ms. Schulenberg's agreements with the Moxie Solar & Moxie Solar Illinois stated that she should be paid a percentage of the profits on each sale as her commission.

61. Defendants failed to pay that agreed upon amount for the Hopkins Project in 2018.

62. Defendants have failed to pay Ms. Schulenberg her final commission payments in accordance with the requirements of 820 ILCS 115/14.

63. Defendants have not paid Ms. Schulenberg monthly commissions since her termination.

64. Defendants Hall and Eichelberger knowingly allowed Defendants MSI Diversified and Moxie Solar Illinois to violate the Illinois Wage Payment Collection Act.

65. Defendants have intentionally interfered with Ms. Schulenberg's right to be paid for her work under her commission agreements with Defendants.

### COUNT II: VIOLATION OF THE FAIR LABOR STANDARDS ACT

66. Ms. Schulenberg restates the common allegations as if fully set forth herein.

67. Ms. Schulenberg's youngest child was born in January 2021.

68. Defendants failed to provide Ms. Schulenberg with reasonable break times to express milk for a year following the birth of her youngest child, instead expecting her to answer phone calls while she nursed or otherwise expressed milk.

69. Defendants demoted Ms. Schulenberg because she was unable to answer phone calls from her subordinates while she was nursing or expressing milk.

70. Defendants' actions violate the Fair Labor Standards Act, 29 U.S.C. §207(r).

71. Defendants retaliated against Ms. Schulenberg because she took breaks to breastfeed and/or express milk by demoting her in violation of 29 U.S.C. §215.

### COUNT III: VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT AGAINST MOXIE SOLAR ILLINOIS

72. Ms. Schulenberg restates the common allegations as if fully set forth herein.

73. Moxie Solar Illinois treated Ms. Schulenberg differently because of her sex and pregnancies, including, but not limited to, denying her a promotion and by demoting her.

74. Moxie Illinois's actions violate the Illinois Human Rights Act.

## COUNT IV: BREACH OF CONTRACT

75. Ms. Schulenberg restates the common allegations as if fully set forth herein.

76. Ms. Schulenberg had a contract with Defendants that specified how she would be paid.

77. Defendants failed to act in good faith to ensure the projects Ms. Schulenberg sold were completed after her termination.

78. Defendants owe Ms. Schulenberg for the projects that were completed after her termination.

## COUNT V: VIOLATION OF THE IOWA WAGE PAYMENT COLLECTION ACT

79. Ms. Schulenberg restates the common allegations as if fully set forth herein.

80. Defendants failed to Ms. Schulenberg all the wages she was owed.

81. Defendants' actions violate Iowa Code Chapter 91A.

## JURY DEMAND

Ms. Schulenberg demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ms. Schulenberg hereby requests this Court enter judgment in her favor and against Defendants Moxie Solar n/k/a MSI Diversified, Moxie Solar Illinois, Jason Hall, and Travis Eichelberger compensatory damages, unpaid wages, unpaid commissions, liquidated damages, damages allowed by 820 ILCS 115/14, lost wages, attorney's fees, costs, interest, and any such other damages as this Court deems necessary to make her whole, and for such other and further relief as this Court deems just and equitable.

Dated:  July 1, 2022                    Respectfully submitted,

*/S/Kelsey A. W. Marquard*
Kelsey A. W. Marquard, ARDC 6311205
O'Brien & Marquard, P.L.C.
2322 East Kimberly Road, Suite 140S
Davenport, Iowa 52807
563-355-6060 Telephone
563-355-6666 Facsimile
kawm@emprights.com  Email

ATTORNEY FOR PLAINTIFF